IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BLAIKLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-26 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| OFFICER DEREK SOOSE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motions to Dismiss (Docs. 40 & 52) will be granted.  Plaintiff's procedural due process claims (Counts 2 and 3) will be dismissed with prejudice, and his First Amendment retaliation claim (Count 1) will be dismissed without prejudice.

In short, Plaintiff complains that Defendants violated his federal Constitutional rights by removing him from a residential property over which he possessed no legally recognized property interest.  Although Plaintiff may wish for the law regarding this scenario, commonly known as "squatting," to be different, wishes do not a lawsuit-make.

To state a procedural due process claim, Plaintiff must allege that he was deprived of a property interest protected under the Fourteenth Amendment, and that the procedures available to him did not provide due process of law.  Johannes v. Borough of Wilkinsburg, 2017 WL 75850, *4 (W.D. Pa. Jan. 9, 2017) (citation to quoted source omitted).  "Core to the existence of an individual property interest is the requirement that the plaintiff have a legitimate claim of entitlement to the interest at issue[, stemming] from an independent source[,] such as state law or rules or understandings that secure certain benefits."  Siemens USA Holdings Inc v. Geisenberger, 17 F.4th 393, 415 (3d Cir. 2021) (citation to quoted source omitted).

Plaintiff's only claimed interest in the property relies on an admittedly unripe claim for adverse possession. *Compare* 2d Am. Compl. (Doc. 35) at ¶ 79 ("Pennsylvania does have a 'squatter's right[s] law'[, adverse possession,] that says a person can acquire title to real property after no less than 21 years of actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the real property.") *with id.* at ¶ 16 (the owner of the property abandoned it "over five years" prior to Plaintiff's displacement) (emphasis added). Courts, in this District and elsewhere, have dismissed Constitutional claims where the duration-requirement of adverse possession is lacking. Johannes at *4 ("To the extent that [the p]laintiff may have intended to seek ownership by adverse possession, his complaint makes clear that he possessed the property . . . well short of the 21-year period required under Pennsylvania law.[1]"); Gill v. Dawkins, 2020 WL 7042647, *4 (E.D.N.Y. Nov. 30, 2020) (dismissing claim of unlawful entry and search, for want of standing, because the plaintiff had not occupied the premises nearly long enough to qualify for adverse possession); Gill v. City of New York, 2017 WL 1097080, *6 (E.D.N.Y. Mar. 23, 2017) (finding a lack of property interest on the same reasoning, and recognizing that "squatters' claims under Section 1983 are routinely rejected") (collecting cases).[2]

---

[1] In 2019, the Pennsylvania legislature reduced the adverse-possession period, for certain residential properties, from 21 years to 10 years. *See generally* https://us.practicallaw.thomsonreuters.com/w-021-4927. The distinction is immaterial, given Plaintiff's concession that the duration of his occupancy approached neither limit. *See* Pl.'s Opp'n Br. (Doc. 45) at 6 (stating Plaintiff's current position that he was "in possession of the land for three years").

[2] Although the Court does not believe it necessary to the conclusions herein, Plaintiff fails to allege that he took any action in state court to claim an interest in the premises. *Cf.* Johannes at *1-2 (noting that, prior to his displacement, the plaintiff had filed a quiet title action in state court, which ultimately proved unsuccessful). Notwithstanding the preexisting state proceedings in Johannes, District Judge David Cercone dismissed the plaintiff's procedural due process claims, with prejudice. Here, Plaintiff's claimed interest is even more attenuated (given that he made no effort, in any court, to assert the same); *and*, his pleadings effectively concede that adverse possession − the only identified basis for such interest – is untenable. Finally, the Court

Having failed to identify a legally recognized property interest, Plaintiff's procedural due process claims must be dismissed. Given that the deficiency is not curable by amendment, the dismissal will be with prejudice.

Turning to the First Amendment retaliation claim, Plaintiff likewise has failed to offer plausible allegations. He alleges that his "ejectment" was made in retaliation for him being a self-proclaimed "anarchist and . . . activist on various social justice causes in the City of Pittsburgh." *See* 2d Am. Compl. at ¶¶ 2, 39. In support of this theory, Plaintiff alleges that:

- Defendant Sergeant Burford "told [him] that[,] prior to arriving at the house[,] the police had contacted the previous owner to get permission for the Defendants to clear [the] property," *id.* at ¶ 27;

- on the scene, certain Defendants "asked Plaintiff . . . about [his] political beliefs," inquired whether he was an anarchist and attempted to engage him in conversation regarding the same, and Plaintiff "declined to answer," *id.* at ¶¶ 36, 38, 41;

- Defendant Ferrelli took pictures inside the home, and identified pamphlets and literature regarding anarchism, *id.* at ¶¶ 44-45;

- Defendant Ferrelli asked if he could keep "any of Plaintiff's pamphlets," a request Plaintiff "declined," *id.* at ¶¶ 46-47; and

---

rejects Plaintiff's argument, based on *dicta* in Johannes, that he may have had "a limited possessory interest . . . obtained by unlawfully entering the premises and making some repairs." *See id.* at *5. Plaintiff *still* has identified no legal authority supporting his contention that his "unlawfully entering" and occupying the premises created a "legitimate claim of entitlement to [a recognized] interest." Geisenberger, 17 F.4th at 415. That the actual property owner might have instituted ejectment proceedings, to which Plaintiff's identified defense (adverse possession) is facially deficient, does not establish a constitutional deprivation. *See* cases cited, *supra*; *see also* Griffin v. Vaughn, 112 F.3d 703, 709 n.3 (3d Cir. 1997) ("The [specific] process afforded by state law is not relevant in determining whether there is a state created right that triggers due process protection.").

- Defendant Ferrelli "showed one of [Plaintiff's] housemates pictures of another house with radical political literature[,] and asked if [the housemate] had ever been there," to which the housemate declined to answer, *id.* at ¶¶ 48-49.

On these facts, Plaintiff alleges that he "was ejected from his home by Defendants in retaliation for Plaintiff's anarchist beliefs and protest activity"; and, devoid of further explanation, that unspecified police officers "admitted [that] they manufactured a reason for the ejectment by telling the previous owner to complain." *See id.* at ¶¶ 58, 63.

These allegations fail to state a plausible claim for First Amendment retaliation. Specifically, and at a minimum, Plaintiff has identified no causal link between constitutionally protected activity and retaliatory action on the part of Defendants. All the pleadings say, regarding Plaintiff's encounter with Defendants, is that "prior to arriving at the house[,] the police had contacted the previous owner to get permission . . . to clear [the] property." *See* discussion *supra*. No facts are alleged, nor may reasonable inferences be drawn, that the encounter was motivated by Defendants' desire to retaliate against Plaintiff based on constitutionally protected activity.[3]

---

[3] Although the Court declines to opine in a vacuum, it will not join Plaintiff in his apparent assumption that criminal investigations into the activities of self-proclaimed anarchists are constitutionally suspect. *Cf.* 2d Am. Compl. (taking issue with law enforcement's inquiries into Plaintiff's anarchism, to which he did not respond). To be sure, "the government may not silence or punish people for disfavored beliefs, in cases involving viewpoints including Communists, anarchists, [and] civil rights protesters . . . ." Dye v. City of Bloomington, 2022 WL 2129133, *2 (S.D. Ind. Jan. 19, 2022). This does not mean, however, that law enforcement agents violate anarchists' rights merely by virtue of investigating their activities. *See* U.S. v. Allibhai, 939 F.2d 244, 250 (5th Cir. 1991) ("the fact that an investigation incidentally targets a specific . . . group does not render the investigation violative of the [F]irst [A]mendment"); Barbieri v. U.S., 2017 WL 4310255,*9 (E.D. Pa. Sept. 28, 2017) ("there is no constitutional right to be free of [criminal] investigation").

Even were Plaintiff otherwise to allege sufficient facts, there is <u>no</u> legal support for proposition that the resulting harm was his "ejectment" from the property − or that the harm properly may be redressed by restoring him to the premises. Plaintiff has identified no legally-recognized property interest, and the law cannot restore that which has not been shown to exist.

For the reasons stated, Plaintiff's First Amendment claim is subject to dismissal. And, although the Court has significant doubts regarding his ability to cure the deficiencies, it nevertheless will afford him one final opportunity for amendment (on that claim, only). Given the multiple, prior amendments already undertaken, Plaintiff must make last, best efforts to state a viable claim, because further opportunity will not be provided. *See generally* <u>Taylor v. Pilewski</u>, 2008 WL 4861446, *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment, especially where such opportunity already has been enjoyed).

Consistent with the foregoing, Defendants' Motions to Dismiss (**Docs. 40 & 52**) are **GRANTED**. Plaintiff's procedural due process claims (Counts 2 and 3) are **DISMISSED WITH PREJUDICE**, and his First Amendment retaliation claim (Count 1) is **DISMISSED WITHOUT PREJUDICE**. By <u>**July 11, 2022**</u>, Plaintiff may file a third amended complaint. If he fails to timely do so, the dismissal will be converted to one with prejudice, and the Court will enter final judgment under Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

June 27, 2022                                                         s/Cathy Bissoon
                                                                      Cathy Bissoon
                                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record